# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CHARLES EDWARDS, JR. and<br>KATHY WICKWARE,<br><br>Debtors,<br>_____<br><br>CHARLES EDWARDS, JR. and<br>KATHY WICKWARE,<br><br>Appellants<br><br>Vs.<br><br>GREG A. AKERS, Chapter 7 Trustee,<br><br>Appellee | CASE NO. 12cv2276 JM(KSC)<br><br>ORDER AFFIRMING ORDER OF<br>THE BANKRUPTCY COURT |

Appellants Charles Edwards, Jr. and Kathy Wickware appeal an order of the Bankruptcy Court requiring them to turn over certain assets to the bankruptcy estate. The Chapter 7 Trustee, Greg Akers ("Trustee") opposes the appeal. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court affirms the order of the Bankruptcy Court.

# BACKGROUND

On September 4, 2012, Bankruptcy Court Judge Laura S. Taylor ordered that Appellants turn over to the bankruptcy estate a pro-rata portion of the bonus received from Ms. Wickware's employer. (ER 9). Appellants contend that the bonus is not property of the bankruptcy estate.

On October 31, 2011, Appellants filed their voluntary Chapter 7 bankruptcy petition. About two months later, Ms. Wickware's employer, San Diego Gas & Electric ("SDGE"), paid her a year-end bonus in the amount of $14,549.40. Plaintiff was employed by SDGE throughout 2011. (ER 78).

When Debtors refused the Trustee's request to turn over a pro rata portion of the bonus to the estate, the Trustee moved to compel the Debtors to turn over the property to the estate. The Bankruptcy Court found that the portion of the bonus attributable to Ms. Wickware's pre-filing employment belonged to the estate. The Bankruptcy Court awarded 10/12 of the bonus to the estate, or the amount of $12,124.50.

# DISCUSSION

**Standard of Review**

In bankruptcy appeals, legal conclusions by the bankruptcy court are reviewed de novo, factual questions are reviewed for clear error, and mixed questions of law and fact are reviewed de novo. See In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998); In re Pace, 67 F.3d 187, 191 (9th Cir. 1995). "This court must accept the bankruptcy court's findings of fact unless upon review we are left with the definite and firm conviction that a mistake has been committed." In Re: Straightline Ins., Inc., 525 F.3d 870, 876 (9th Cir. 2008).

**Property of the Estate**

Property of a bankruptcy estate is broadly defined as consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a). The main purpose of this definition is to "bring anything of value that the debtors have into the estate." Lyon v. Eiseman, 372 B.R. 321, 330-31 (6th Cir. BAP

2007). Property of the estate includes contingent interests in future payments. In re Mehlhaff, 491 B.R. 898, 903 (8th Cir. BAP 2013). Federal law determines what property is included in the estate, while state law controls whether the debtor has a legal or equitable interest in the property at the time the bankruptcy case is filed. In re Westfall, 599 F.3d 498, 502 (6th Cir. 2010).

**The Appeal**

In the main, Appellants argue that the payment made by SDGE to Plaintiff pursuant to the Incentive Compensation Plan ("ICP") constitutes a mere expectancy of payment as of the bankruptcy commencement date, and not a contingent interest. Trustee, on the other hand, argues that the bonus is sufficiently tied to Ms. Wickware's pre-filing employment activities to constitute a contingent interest. The court concludes that the Trustee's argument is persuasive.

The ICP for calendar year 2011 defines an employee's interests in a bonus in the following manner:

**PARTICIPATION**

Regular full-time and part-time attorneys, management, and associate employees who meet all of the following eligibility requirements will participate in this incentive plan for 2011.

1. An employee of the company for at least three consecutive full months during 2011 and is an employee on December 31, 2011 or meets other eligibility requirements as listed under section: Employee Status Changes.

2. Participant has met minimum job expectations and performed satisfactorily, as determined by his/her supervisor in conjunction with Human Resources.

3. Participant is not in another formal incentive plan in 2011.

(ER 66). Further, the ICP provides that all employees "will have their award prorated for the period of participation in the plan while on the active payroll." (ER 70).

Under the ICP, Ms. Wickware's bonus was contingent upon working for at least three months, remaining employed with SDGE through December 31, 2011, and satisfactorily performing her work-related responsibilities. In the event Ms. Wickware did not work during the entire 2011 calendar year, the amount of the bonus would be

prorated, provided she worked for at least three months and was employed by SDGE on December 31, 2011. The court concludes that Ms. Wickware's interests in the bonus were contingent ones, more than a mere expectancy of payment. See Schachter v. Citigroup, Inc., 47 Cal.46th 610, 618 (2009) ("Incentive compensation, such as bonuses and profit-sharing plans, also constitute wages."); In re Edmonds, 363 F.R. 828m 831 (E.D. Mich. 2001) (profit-sharing payment "sufficiently rooted in the prebankruptcy past so as to be included as property of the bankruptcy estate under §541(a)").

Appellants argue that In re Edmonds is not sufficiently analogous to the present case because the profit-sharing plan at issue there arose from a contract entered into between Ford Co. and the United Auto Workers Union whereas the ICP states, in its entirety,

> Participation in one plan year does not constitute the right to participate in succeeding plan years. This plan does not constitute a contract of employment or guarantee of an incentive award payment and cannot be relied on as such. (ER 66).

Appellants also highlight another portion of the ICP giving SDGE "the discretion and authority to interpret, amend or modify the plan; to grant incentive awards; as well as to terminate, increase or decrease any incentive award opportunity during the performance period; and to reduce or eliminate any incentive awards that would otherwise be payable at the end of the performance period." (ER 70). In light of the ICP provisions identified above, Appellants contend that Ms. Wickware did not have any contingent interest in the payment to a bonus, only a mere expectancy that a bonus may be paid. The court rejects the argument that the bonus was not a contingent interest. The bonus payment was conditioned upon three primary contingencies: (1) Ms. Wickware's continuing to work for SDGE through the end of calendar year 2011; (2) satisfactory job performance; and (3) the ICP plan continuing in existence. These are conditions precedent to payment - capable of precise proof, as the bankruptcy court so found. See In re Yonikus, 996 F.2d 866 (7th Cir. 1993) (every conceivable interest of debtor, future, nonpossessory, contingent, speculative and derivative, is within the reach of 11 U.S.C. §541(a)).

The court concludes that authorities such as In re Jess, 169 F.3d 1204, 1207 (9th Cir. 1999) provide guidance on the nature of the contingent payment at issue and the apportionment of the payment between pre-petition and post-petition activities. There, the debtor, an attorney, argued that the attorney's fees he received after filing for Chapter 11 bankruptcy did not belong to the bankruptcy estate. The debtor worked on the contingency fee case both pre-petition and post-petition, ultimately earning a substantial fee post-petition. After a hearing before the bankruptcy court, the debtor was ordered to turn over 78% of the fee to the estate, as this amount represented the portion of the fee attributable to pre-petition performance. The Ninth Circuit affirmed, noting that if "some postpetition services are necessary [to earning income], then courts must determine the extent to which the payments are attributable to the postpetition services and the extent to which the payments are attributable to prepetition services. That portion of the payments allocable to postpetition services will not be property of the estate." Id. at 1208 (quoting In re Wu, 173 B.R. 411, 414–15 (9th Cir. BAP 1994)).

The court notes that Appellants' position is not without some legal support. In In re Palmer, 57 B.R. 332 (Bankr. W.D. Va. 1986), the bankruptcy court determined that the bonus received by the debtor post-petition was not property of the estate. The bonus plan at issue provided:

> The bonus is not a gift, and does not happen automatically. The bonus is paid at the discretion of the Company. It is a sharing of the results of efficient operation on the basis of the contribution of each person to the success of the Company for that year.

The court noted that the debtor was required to perform substantial post-petition work, eligibility depended on continued employment, and most importantly, debtor "was not entitled to receive the bonus until the Chief Executive Officer of Lincoln Electric made such a determination." Id. at 335. The court rejected apportionment of the bonus because the debtor "did not become entitled to the amount until many months later (six months)." The court determined that the timing of the payment was dispositive. The court notes that this approach runs contrary to Ninth Circuit authority which held that where "some postpetition services are necessary [to earning income], then courts must

determine the extent to which the payments are attributable to the postpetition services and the extent to which the payments are attributable to prepetition services. That portion of the payments allocable to postpetition services will not be property of the estate." In re Jess, 169 F.3d 1204. Accordingly, the court declines to follow those authorities which do not apportion a bonus that is firmly rooted in pre-petition activity.

In sum, the court affirms the Bankruptcy Court's order finding that 10/12 of the bonus belongs to the estate. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: August 19, 2013

**JEFFREY T. MILLER**
United States District Judge

cc: All parties